**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| Plaintiff, : | |
| : | Case No: 2:25-CR-00007 |
| vs. : | |
| : | JUDGE ALGENON MARBLEY |
| ALYIAH R. TRUDO, : | |
| Defendant. : | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Now comes the United States of America, by and through undersigned counsel, and hereby submits its Memorandum in Aid of Sentencing.

**I.   BACKGROUND**

On May 30, 2025, Defendant **ALYIAH R. TRUDO** entered a plea of guilty pursuant to a Rule 11(c)(1)(B) plea agreement, to the Indictment filed in this case, which charges her with two counts of making a false statement during the purchase of a firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2). The plea agreement contained an attachment, which detailed the factual statement of Defendant's offense conduct in support of her guilty plea. Pursuant to that agreed factual statement, Defendant admitted that on October 6, 2022, and June 24, 2023, she made false statements while obtaining a firearm from a licensed dealer. Specifically, Defendant admitted she purchased two firearms on two different dates from Bridgeport Equipment and Tool, a federally licensed firearms dealer, for other individuals known but stated the firearms were for her at the time of the purchase.

The Probation Officer has released the final Presentence Investigation Report ("PSR"). Sentencing in this matter is scheduled for October 9, 2025.

1

## II. PRESENTENCE INVESTIGATION REPORT AND RECOMMENDATION

The United States has reviewed the PSR in this case and submits that the Probation Officer has correctly calculated the advisory sentencing guideline range. The United States thus raises no objections to the PSR. Based on a total offense level of 13 and criminal history category I, the advisory guideline range reflected in the PSR is 12 to 18 months of incarceration. The Probation Officer has indicated that there are no factors identified in the PSR that would warrant a departure from the applicable sentencing guideline range. However, the Probation Officer does note that the Court may wish to take into consideration Defendant's upbringing and status as a single parent in determining if a sentence outside of the advisory guidelines is warranted.

## III. SENTENCING FRAMEWORK

After *Booker v. United States*, 543 U.S. 220 (2005), district courts are to engage in a three-step sentencing procedure. Courts are first to determine the applicable guidelines range, then consider whether a departure from that range is appropriate, and finally, consider the applicable guidelines range—along with all of the factors listed in 18 U.S.C. § 3553(a)—to determine what sentence to impose. *Gall v. United States*, 552 U.S. 38, 49–50 (2007); *Rita v. United States*, 551 U.S. 338, 351 (2007). The central command to district courts in imposing a sentence is to fashion one that is sufficient, but not greater than necessary, to meet the goals set forth in 18 U.S.C. § 3553(a).

Section 3553(a) further delineates seven factors the Court must consider in fashioning an appropriate sentence: (1) the nature and circumstances of the offense/history and characteristics of the defendant; (2) the statutory purposes of sentencing; (3) the kinds of sentences available; (4) the kinds of sentences and sentencing ranges as set forth in the Sentencing Guidelines; (5)

Sentencing Guidelines policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense.

## IV. ANALYSIS AND RECOMMENDATION OF THE UNITED STATES

### A. Guideline Calculation and Possible Departure

There are no objections to the guideline calculations contained in the PSR, which results in a guideline range of 12 to 18 months. The Government further agrees with the Probation Officer's finding that there is no basis under the guidelines for departure from the applicable guideline range. However, in the plea agreement, the Government agreed to recommend a sentence of probation.

### B. Section 3553(a) Factors

As noted above, there are seven factors the Court is to consider during sentencing, pursuant to 18 U.S.C. § 3553(a). The Government submits that while the Court should consider each of the above factors, the following facts are highly pertinent to the Court's consideration of the nature and circumstances of the offense, as well as the history and characteristics of the defendant.

Defendant admitted to purchasing a two Glock pistols for her boyfriend at Bridgeport Equipment and Tool, while purporting to purchase it for herself. She knew he was on probation at the time of the purchase and therefore unable to buy a firearm for himself. When questioned by law enforcement about the firearms purchases, she was cooperative.

Consideration of the most relevant of these sentencing factors warrants a sentence of probation. Such a sentence would properly consider the nature and circumstances of Defendant's offense. Such a sentence would also take into consideration Defendant's particular history and characteristics, including the impact offenses such as this have upon the community. A sentence of probation would provide specific deterrence to Defendant, as she has not served such a sentence

before, and would impress upon the general community the seriousness of purchasing firearms for others via false pretenses.

## V. CONCLUSION

For all of the foregoing reasons, the United States respectfully submits that a term of probation would be sufficient but not greater than necessary to achieve the statutory goals of sentencing.

Respectfully submitted,

DOMINIC S. GERACE II
United States Attorney

*s/ Elizabeth A. Geraghty*
ELIZABETH A. GERAGHTY (0072275)
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
(614) 469-5715
Email: Elizabeth.Geraghty@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 26TH day of September 2025, a copy of the foregoing Government's Sentencing Memorandum was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/ Elizabeth A. Geraghty*
ELIZABETH A. GERAGHTY (0072275)
Assistant United States Attorney